# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROY CHARLES DERKSEN,**

    Petitioner,

    v.                                                                     Case No. 25-CV-1652

**RYAN WALDSCHMIDT,**
**Fond du Lac County Sheriff,**[1]

    Respondent.

## RECOMMENDATION TO DISMISS PETITION PURSUANT TO RULE 4

Roy Charles Derksen seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1). Derksen challenges his judgment of conviction in Fond du Lac County Case No. 2021CF734. (*Id.* at 2.) Derksen has paid the statutory filing fee of $5.00; thus, his petition is ready for screening in accordance with Rule 4 of the Rules Governing § 2254 Cases. Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Derksen was convicted following a jury trial to eluding an officer while operating a motor vehicle and obstructing an officer performing an official act and sentenced to five months of incarceration. (Docket # 1 at 2.) He alleges that his conviction and sentence are

---

[1] The Court notes that Derksen does not appear to be in-custody of the Fond du Lac County Sheriff. Rather, a review of the Wisconsin Circuit Court Access system reflects that he has sixty days from the date of his sentencing to report to the local jail. *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF000734&countyNo=20&index=0&mode=details (last visited Oct. 28, 2025).

unconstitutional because he 1) was denied his right to counsel (Ground One); 2) denied the disclosure of information that could have aided his defense (Grounds Two and Four); and 3) was deprived of his right to a grand jury (Ground Three). (*Id.* at 6–9.) A review of Derksen's petition indicates that he has not exhausted his state court remedies as to any of the grounds raised, stating that he filed a notice of appeal in state court that is not yet resolved. (*Id.* at 3.) His explanation for failing to exhaust is that the appeals process would take too long and his sentence would be over by the time his challenges were addressed.

A state petitioner seeking a writ of habeas corpus in federal court must first exhaust the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A), "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights," *Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009) (internal quotation and citation omitted). To afford the state this opportunity, the prisoner should fairly present his federal claims to each appropriate state court before seeking relief in federal court. *Id.* In other words, the prisoner must assert his federal claims through "one complete round of state-court review," either on direct appeal of his conviction or in post-conviction proceedings. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "One complete round of state-court review" means that Derksen must raise his constitutional issues at each and every appropriate level of the state court system, including filing a petition for review before the Wisconsin Supreme Court. *See id.* at 1025–26.

Because Derksen has not exhausted his state court remedies, it plainly appears that he is not entitled to relief in this Court. Thus, under Rule 4 of the Rules Governing § 2254 Cases, Derksen's petition must be dismissed.

**NOW, THEREFORE, IT IS RECOMMENDED** that Derksen's habeas petition (Docket # 1) be **DENIED** and the case **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 30th day of October, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge